UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:   ANWAR M. IBRAHIM,                                              Chapter 13
        Debtor.                                                      Case No: 16-13549-JNF

**TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM
OF HOMESTEAD EXEMPTION AS AMENDED JANUARY 17, 2017**

      Now comes Carolyn A. Bankowski, Standing Chapter 13 Trustee ("Trustee"), and respectfully objects to the Debtor's claim of Homestead Exemption on Schedule C as amended January 17, 2017, and for reasons says as follows:

      1.      On September 14, 2016, the Debtor filed a petition under Chapter 13.  On October 26, 2013, the Trustee convened the §341 meeting of creditors at which the Debtor was present with counsel and was sworn and examined.

      2.      On January 17, 2017, the Debtor filed amended Schedules A/B and C.  Amended Schedule A/B lists real property located at 263 Pearl Street in Malden, MA ("the property").  The Debtor listed the value of the property as $500,000.00.

      3.      According to Amended Schedule C, the Debtor has elected the Massachusetts exemptions.  The Debtor has claimed an exemption in the amount of $500,000.00 in the property pursuant to M.G.L. c. §§ 1 and 3.

      3.      At the meeting of creditors the Debtor produced a Declaration of Homestead recorded on August 17, 2010.  The Declaration of Homestead refers to a deed recorded on February 28, 2008 which is a deed from Tilaye Zewude to the Debtor and 2004-0000446, LLC as tenants in common.

      4.      Further investigation by the Trustee has revealed that following the recording of the deed on February 28, 2008, a subsequent deed was recorded transferring the property from the LLC and the Debtor to the Debtor individually.  The Debtor then filed a Condominium Master Deed on October 7, 2008, changing the property from one single family residence to two condominium units, and another Condominium Deed on the same date transferring title of Unit 1 to Muna Ibrahim, individually.  On March 23, 2010, a Foreclosure Deed was recorded in the Middlesex Registry of Deeds with respect to Unit 1.

5. The Declaration of Homestead recorded on August 17, 2010 does not refer to a unit number and purports to cover the property in its entirety. However, the Debtor did not own Unit 1 at the time the Declaration of Homestead was recorded as it was 1) transferred to Muna Ibrahim, and 2) subsequently transferred by foreclosure deed.

6. At the time that the Debtor recorded the Declaration of Homestead Unit 2 was still titled in the Debtor's name and was purportedly the Debtor's residence. However, on September 15, 2010, a foreclosure deed was recorded in the Middlesex County Registry of Deed with respect to Unit 2. Therefore, the Debtor does not currently hold title to the property and did not hold title to the property at the time of filing.

6. According to MGL c. 188 §1 only an "owner" can claim a homestead exemption under chapter 188. An "owner" is defined as a natural person who is a sole owner, joint tenant, tenant by the entirety, tenant in common, life estate holder or holder of a beneficial interest in a trust.

7. In the instant case the Debtor is not the sole owner, joint tenant, tenant by the entirety, tenant in common, life estate holder, or holder of a beneficial interest in a trust. The Property is not titled in the Debtor's name. As such the Trustee asserts that the recorded Declaration of Homestead is invalid, and that Debtor cannot claim any exemption under M.G.L. c. 188 in the Property under the recorded Declaration of Homestead.

8. In addition, according to MGL c. 188 §4 in the absence of a valid declaration of homestead recorded under this chapter, an estate of homestead to the extent of the automatic homestead exemption shall exist for the benefit of the owner and the owner's family who occupy or intend to occupy the home as a principal residence. An "owner" is defined as a natural person who is a sole owner, joint tenant, tenant by the entirety, tenant in common, life estate holder or holder of a beneficial interest in a trust. Because the Property was foreclosed the Debtor is not an "owner" and therefore cannot claim the automatic homestead exemption. The Trustee therefore objects to the Debtor's claim of homestead exemption as set forth on Amended Schedule C.

WHEREFORE, the Trustee requests that the Court sustain the objection to Debtor's exemptions as amended January 17, 2017, and for such other relief as is proper.

Dated:  January 26, 2017

Respectfully submitted,
Carolyn A. Bankowski
Standing Chapter 13 Trustee
By:  /s/ Patricia A. Remer
Carolyn A. Bankowski, BBO#631056
Patricia A. Remer BBO 639594
Office of the Chapter 13 Trustee
P.O. Box 8250
Boston, MA 02114
(617) 723-1313
13trustee@ch13boston.com

## Certificate of Service

The undersigned hereby certifies that on January 26, 2017, a copy of the Trustee's Objection to Debtor's Claim of Homestead Exemption as Amended November 28, 2016 was served via first class mail, postage prepaid, or by electronic notice, on the debtor and debtor's counsel at the addresses set forth below.

Anwar M. Ibrahim
263 Pearl Street
Malden, MA 02148

Nadine Champagne
749 South Street
Roslindale, MA 02131

/s/ Patricia A. Remer
Patricia A. Remer, BBO 639594