UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| In re:<br><br>Anwar M. Ibrahim,<br>                                    Debtor | Chapter 13<br>Case No.   16-13549-JNF |
|---|---|

OPPOSITION OF GOSHEN MORTGAGE REO, LLC TO DEBTOR ANWAR IBRAHIM'S MOTION FOR SANCTIONS

NOW COMES Goshen Mortgage REO, LLC through counsel and opposes Debtor's Motion for Sanctions, stating as grounds, *inter alia*, that the automatic stay does not apply, and that in any event if it does apply, it has not been in any manner violated.

BACKGROUND

1. In February of 2008, Debtor purchased a two family home in Malden Massachusetts, located at 263 Pearl Street, secured by a loan from Guidance Residential, LLC. **Produced at pp. 59 et seq. of Exhibit 1, attached to Debtor's Supplementary filing of March 14, 2017, listed on docket as paper 110.**

2. The transaction was colored from the start. Ibrahim allegedly purchased the property from one Tilaye Zewude. Extensive discovery conducted in connection *with Malden District Court Summary Process case 1450 SU 000268, Goshen Mortgage LLC v. Anwar Ibrahim* (concluded in 2015) revealed that Zewude claimed that he never owned the property to begin with, and that Debtor purchased the property initially after stealing his identity. **See Exhibit 1, Zewude Affidavit**, redacted, **page 1**. Discovery also revealed that the disbursement check had been tampered with to add Ibrahim's name. **Exhibit 2, check copies**, redacted. **(pp. 2-3).**

3. Further discovery in that case revealed that the Mortgage insurance was later rescinded as to Unit 2 because of fraud by Debtor in the application. See **Exhibit 3, Mortgage Insurance Rescission letter.** Redacted. **Submitted in 2 parts, part 1 contains pp. 4-13, part 2 contains pp. 14-19).**

4. Later in 2008, Debtor, he converted the property to condominiums and sold Unit 1, located on the first floor, to his sister, Muna Ibrhaim, retaining unto himself ownership of Unit 2, located on the second floor. A mortgage was taken out in Muna's name as to Unit 1. **See pages 1-58 of Debtor's Exhibits, deed found at pages 56-58.**

5. In order to accomplish this, Debtor filed with the Registry of Deeds a supposed subordination agreement and partial release of mortgage by Guidance Residential, in which Guidance gave up its mortgage to the first floor. Guidance was unaware of this. A comparison of the alleged signatures on the subordination agreement with the signatures and notarization of the mortgage taken out with Guidance for the property, as well as similar contemporary signatures also produced in discovery in 1450SU00268 by the same individuals, show different handwriting and a different notary seal. **Exhibits 4-7. Exhibit 4, Mortgage agreement when debtor purchased property in February 2008, contained at pp. 20-36, signatures found at pages 21 and 36. Exhibit 5 Subordination Agreement pp. 37-38. Exhibit 6, Partial Release of Mortgage pp. 39-40. Exhibit 7 Exemplar signatures pp. 41-43.**

6. The mortgage on Unit 1 fell into arrears, and the Unit was foreclosed upon by the mortgageholder, by deed recorded March 23,2010. **Exhibit 8. Foreclosure Deed Unit 1, pp. 44-50.**

7. The mortgageholder then filed an eviction action in Malden District Court, naming Muna Ibrahim, Anwar Ibrahim, and all other occupants as Defendants. **Exhibit 9, Eviction papers, Summary Process Summons and Complaint, Unit 1. pp. 51-52**

8. The case was defended, partially on the basis of improper foreclosure. Exhibit 10. Nowhere in the pleadings is his former attorney mentioned. Never has he sued him, to Goshen's knowledge, or applied to the client security board. **Exhibit 10, Answer to Summary Process Summons and Complaint, pp. 54-59.**

9. The Defendants, including the Debtor, lost the case, judgment entered for the Plaintiff, and were evicted pursuant to an execution, by constable. **Exhibit 11. Docket Sheet, Eviction Unit 1., pp. 60-61, Constable eviction papers including satisfied execution pp. 62-62**

10. By this time, the mortgage on Unit 2 had also fallen into arrears, and that property was foreclosed upon by Guidance. **Exhibit 12, Unit 2 Foreclosure Deed filed September 2010, pp. 64-67**

11. Guidance then filed an eviction action in Malden District Court to remove Ibrahim from Unit 2, styled Guidance Residential LLC v. Anwar and Muna Ibrahim, Docket 13-SU-249. However, during the pendency of that action, Guidance sold Unit 2 to Goshen Mortgage REO, LLC, which required dismissal and commencement of a new eviction case in 2014, brought by Goshen as the new purchaser, and referenced in paragraph 2 above, 1450SU000268.

12. While Ibrahim has now fraudulently informed this Court that he never had anything to do with the sale of Unit 1 to Muna, or the condominium conversion, he filed Answers to

Interrogatories in the aforementioned action of Guidance Residential LLC v. Anwar and Muna Ibrahim in which he clearly stated that he converted the property to condominiums with the assistance of his lawyer, then sold Unit 1 to Muna Ibrahim, and that he had intended for the proceeds to be paid to Guidance. **Exhibit 13, Ibrahim Answers to Interrogatories, pp. 68-76, and specifically Responses 6, 7, and 8 found at p. 71.**

13. As with the previous case involving Unit 1, the eviction case for Unit 2 was defended by Ibrahim, partially on the basis of improper foreclosure, going to the point of an application for summary judgment, which was denied. **Exhibit 14, Motion for Summary Judgment pp. 77-86.**

14 . Defendant lost that case, after an almost two year court battle. Judgment entered for Goshen, an execution was issued, and Ibrahim was evicted physically by Constable, leaving Goshen firmly in possession of the Unit. **Exhibit  15. Unit 2 eviction Docket Sheet, pp. 87-91**. The Court's notation on the file noted bad faith by the Debtor. **Exhibit  16. Judge's Notation on Endorsed Motion. Pp. 92-93.**

15. It should be noted that in addition to filing a 2010 bankruptcy at the time of the original foreclosures, Debtor has filed at least five cases in Superior Court seeking to halt the foreclosure or evictions. All were dismissed, but for one, in which the Court found no likelihood of success on the merits. Those cases are: Bankruptcy 10-16589 dismissed, Superior Court cases 1018CV4578 (Anwar Ibrahim v. Freddie Mac), dismissed no service, 1581CV00129 (Anwar Ibrahim v. Guidance Residential), ex parte TRO approved, request for preliminary injunction denied, no likelihood of success on the merits, motion for reconsideration denied), 1581CV04930 (Anwar Ibrahim v. Goshen Mortgage and Guidance Residential), case dismissed for lack of jurisdiction, ) 1581CV05120 (Anwar Ibrahim v. Guidance Residential), dismissed no

service, and 1481CV041891491 (Anwar Ibrahim v. Guidance Residential) dismissed, no service, dismissal order requires Regional Administrative Justice approval to reactivate.

16. Goshen then purchased Unit 1 in late 2015. Upon closing, it was discovered that Ibrahim had broken back into Unit 1 and was living there with his adult son and daughter. Goshen, through counsel, then filed a criminal trespass case in Malden District Court.

17. The criminal trespass case went to a Clerk Magistrate's hearing in Malden District Court. Ibrahim and his son Mohammed Anwar, attended the hearing. Mohammed Anwar testified under oath that he had been told by Muna, after living in a hotel for a year, that the whole eviction and foreclosure was a mistake, and that he and his sister then moved back in, further testifying that after Debtor's eviction from Unit 2, he had allowed him to move back in. Elliot Savitz, Counsel for both Debtor and his son went so far as to file an unsigned memorandum with the Court contending that a guest could not be considered a trespasser under Massachusetts law. **Exhibit 17, Savitz memorandum filed in connection with criminal trespass case, pp. 94-95.** The document remains in the Court file.

18. Probable cause was found, but the criminal case was eventually dismissed when Debtor and his counsel appeared in Court, with a different affidavit stating that he had been at all times in possession of the property, as well as two letters, one of which was a clear forgery, which has been denounced by its supposed sender. **Exhibit 18, Affidavit and forged letter for criminal dismissal, pp.96-99.** Neither Goshen nor its representatives were notified of that hearing. Also in connection with that case, Attorney Savitz filed a motion to dismiss which, while claiming that Goshen lacked standing to bring a complaint with regard to Unit 1, identified Debtor as a "holdover tenant of the former owner," and clearly identified Goshen as the owner of Unit 2.

**Exhibit 19, Savitz Motion for Criminal case, p. 100.** Goshen, of course, did have standing to bring the action, as it had purchased Unit 1 in October 2015 from JP Morgan Chase. **Deed from JP Morgan Chase to Goshen attached as Exhibit 20, pp. 101-104.**

19. This dismissal of the criminal trespass case required Goshen to file a civil trespass case to remove Debtor, and his two adult children, from Unit 1. This is the case that is currently pending in Malden District Court, styled *Goshen Mortgage REO, LLC v. Anwar Ibrahim, Mohammed Anwar, Salah Anwar, 1650SU000365* and this is the case in which Ibrahim accuses Goshen of having violated the automatic stay. **Exhibit 21, Summary Process Summons and Complaint for trespass. P. 105.**

20. There has been no trial in connection with the debtor in that case, jury trial or otherwise.

21. Goshen has not sought judgment for possession in any manner against the Debtor since at appearing before this court in December 2016.

22. Goshen has however, obtained judgments against the two adult children, who have most assuredly not filed bankruptcy and have furthermore not been evicted by constable due to the bankruptcy filed by Debtor. The existence of these additional parties, however, and the fact that counsel is holding judgments, have led to periodic status conferences in the Malden District Court on this case as to the status of the bankruptcy, as Goshen deems it in the exercise of prudence not to proceed with the evictions of the children while Debtor is trespassing on the premises and in bankruptcy.

23. Debtor's attendance at these status conference is neither required nor expected. However, he continually attends, despite the fact that he is neither in any danger of being defaulted, nor is he

in any danger of being evicted at this time. There is no reason for him to be there. His children have never appeared.

24. Debtor remains firmly ensconced in Unit 1, property which he sold nine years ago and was evicted from 7 years ago, claiming it as his own property. Goshen, having taken possession of Unit 2 pursuant to an unappealed judgment almost two years ago, remains in possession of Unit 2, until recently.

25. As may be expected from a building that was originally a two family home, the building has a common entranceway door. Once inside, Unit 1 is accessed by its own interior door, and Unit 2 is accessed by its own interior door at the top of a stairway that leads to the second floor.

26. Upon going to the premises in February 2017, it was discovered that Debtor had changed the exterior lock, prohibiting Goshen's representatives from entering the building to check on Unit 2. A locksmith was called to gain entry. Debtor physically barred entry, the police were called, and told Goshen's locksmith that an owner would have to come.

27. Essentially, Debtor has, post bankruptcy filing, locked Goshen out of its own Unit, after he was evicted, and after Goshen had taken possession for almost two years, and which he has filed a pleading admitting that they own.

28. It is important further to note that at no time has Goshen sought or attempted to enter Unit 1.

29. The filing of a request with the Malden District Court was, on its face, a simple attempt to gain access to Unit 2. Goshen had anticipated that Debtor would be served with the Unit 2 pleading by Goshen if a date was obtained. Instead, he appeared and was given it.

30. Furthermore, since the February 2017 incident, with the exception of the simple court filing to gain access to the upstairs unit that Debtor is not in possession of and that he admits Goshen owns, Goshen had taken no action with respect to regaining the premises, and certainly not Unit 1, and the matter has simply been statused.

31. Furthermore, the request, in the form of a status memo and proposed order, involves the Debtor's post-bankruptcy actions of forbidding access to the portion of the property that Debtor has previously acknowledged is owned by Goshen, and does accurately state the current status of the case

## ARGUMENT

Under 11 U.S.C sec 541, "property of the estate" is defined, among other things, as "all legal and equitable interest of the debtor in property as of the commencement of the case." The record indicates rather clearly that Ibrahim has no legal or equitable property interest to be protected. He simply does not own it, does not rent it, has no right to it, and is in possession of it by breaking in, without the owner's knowledge of entry.

By his own admission, he sold Unit 1 to his sister in 2008, and the property was foreclosed upon in 2010. The defense of improper foreclosure was made in the eviction case involving Unit 1. The case was lost. It was not appealed. He an all occupants were removed by constable, and the execution returned satisfied.

Unit 2 was foreclosed upon in 2012. The defense of improper foreclosure was once again made in the eviction case involving Unit 2. The case was lost. It was not successfully appealed. Debtor and all occupants were removed from Unit 2 and the execution returned satisfied.

Not only have judgments entered, on two separate eviction cases where the issue of improper foreclosure was raised and lost, as well as numerous Superior Court claims and a prior bankruptcy claim, but the three year statute of limitations has passed on the issue. See MGL c. 244, section 15. He can't challenge the foreclosures now, because the time to do so has passed under the statute. Even so, he has had 6 prior bites at that particular apple, and all of the cases were lost or dismissed.

The case that was brought in the Malden District Court in 2016 is grounded upon the allegations that Defendant Anwar Ibrahim and his two adult children are trespassers. The Summary Process case is necessary because of the legal prohibition against "self-help." The case, if proven, would be that Ibrahim was not the owner in March 2010, that he was evicted and removed from the premises at that time, and that he is simply living at the premises after having obtained unlawful entry. While it may be that the foreclosing entity for Unit 1 did not keep a very close eye on its property after the eviction, the present situation is roughly akin to a homeowner going on vacation for an extended period and finding a Debtor sitting in her living room smoking a cigar and claiming that he now has an equitable interest in the property, and is protected from removal by the automatic stay. That result would be ludicrous. While after a foreclosure, former owners and tenants on the property may be deemed "tenants at sufferance" see *Benton v. Williams, 202 Mass. 189, 192 (1909)* Ibrahim cannot even be considered to be a tenant at sufferance. He has simply broken back in after a lawful eviction.

As a trespasser, his estate has no possessory interest in the property. While the filing of a bankruptcy includes an automatic stay, subject to the safe harbor provision of 362 , it does not preclude a landlord from continuing the eviction proceeding of a proper residential tenant if the landlord has obtained a prepetition judgment for possession of the property, see 362 (b) 22. Here the Debtor, alleged to be a trespasser, is actually asking for rights in excess of those granted to a proper tenant or tenant at sufferance, because he has been removed not once but twice (once for each unit) from the premises by constable, and he is still there! See **In Re: Mason, US Court of Appeals, 3rd Cir., 2013** (because Mason was not a party to a lease for the property, she had no possessory interest, and any lease and property were not part of her estate), **attached as Exhibit 22 pp. 106-108**, *In Re: Blaylock, 301 B.R. 443 (2003)* **(**no violation of stay, bankruptcy offers no right to a debtor to remain in property for which she has neither a legal nor an equitable interest, "a trespasser is the easy case". **Attached as Exhibit 23, pp. 109-113**

A comparison to the recent case of *In Re: Cheryl Sullivan*, **decided by Judge Hoffman of this court, attached as Exhibit 24, pp. 114-115,** is instructive. In that case, Sullivan's property had been foreclosed upon and an eviction action had commenced. *While Sullivan was still in possession of the premises,* the Creditor bank sought an application for relief, contending that the foreclosure extinguished the right of redemption, and hence any right to the property, which the court denied, finding that attempts to deprive a debtor of her allegedly wrongfully acquired interest in remaining on the premises would circumvent the stay. In this case, however, the proceedings are much further along. The Debtor has a. sold Unit 1, which was then foreclosed on, b. subject to judgments for possession as to both units 1 and 2, and c. removed from the premises entirely, pre-petition, leaving Goshen's predecessor in interest, and by extension Goshen, in possession of Unit 1 in 2010, and Goshen in immediate possession of Unit

2 after the lockout of Unit 2 in 2015. Therefore, not only has the right to the ownership of the property been lost, but the right, if any, as a post foreclosure occupant has been extinguished by the evictions which took place pre-bankruptcy. Even if the Court could find that Debtor's having broken into the property after eviction constitutes a "legal or equitable" possessory interest as to Unit 1, there remain no grounds for barring Goshen from Unit 2, as Debtor does not possess it, and has in fact argued pre-petition that Goshen is the owner. Furthermore, the result in the Sullivan case is the polar opposite of that reached by Judge Hillman, also of this court, in the case of In re; Crichlow, 322 B.R. 229 (2004) indicating at the very least a split of authority among the judges in this jurisdiction.

In sum, the Debtor has no protections under the automatic stay. Even if he did have such protections, those protections would only inure to Unit 1, and these have not been violated.

## CONCLUSION

Goshen respectfully requests that the Debtor's motion be denied. Goshen further requests a specific finding that the Debtor has no property interest in either Unit 1 or 2. Goshen further requests attorney's fees for opposing the Debtor's motion. Goshen further respectfully suggests that, given the Debtor apparent fraud, referral to appropriate federal authorities may be appropriate, and leaves such referral to the Court's sound discretion.

April 13, 2017

        Respectfully Submitted
        Goshen Mortgage REO, LLC
        By its attorney,


        /s/ Edward M. Gainor

        PO Box 240
        Amherst NH 03031
        603-490-5251
        Bar 546873
        attyedgainor@comcast.net


CERTIFICATE OF SERVICE

I hereby certify that the above resubmitted opposition as well as the attached Exhibits have been served through the Court's electronic filing system upon David G. Baker, Esq., Carolyn Bankowski, Esq., and John Fitzgerald Esq.

/S/ Edward M. Gainor
Edward M. Gainor